**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**KEVIN GROS**

     **Plaintiff,**

**VERSUS**

**CARTER J. HULL, NEW PRIME, INC.,**
**and ACE AMERICAN INSURANCE**
**COMPANY**

     **Defendants.**

**CIVIL ACTION NO.: 3:22-cv-542**

**JUDGE:**

**MAGISTRATE:**

**NOTICE OF REMOVAL**

**TO:**   **THE JUDGES OF THE UNITED STATES DISTRICT COURT,**
       **MIDDLE DISTRICT OF LOUISIANA**

In accordance with 28 U.S.C. § 1446(b)(3), Defendants, Carter J. Hull, New Prime, Inc., and Ace American Insurance Company, through undersigned counsel, hereby remove the above-captioned action from the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, where it is currently pending, to the United States District Court for the Middle District of Louisiana, and state as follows:

1.

On June 8, 2022, Plaintiff Kevin Gros ("Plaintiff") commenced this action by filing a Petition for Damages ("Petition") against defendants Carter J. Hull ("Hull"), New Prime, Inc. ("New Prime"), and Ace American Insurance Company ("Ace") in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, bearing Case No. 1047508 (Div. D) on the docket of said court.

2.

Service was effected on New Prime through Incorp Services, Inc. its registered agent for

service of process, on June 22, 2022.

3.

Service was effected on Ace through the Louisiana Secretary of State, its statutory agent for service of process, on June 22, 2022.

4.

Upon information and belief, Plaintiff requested service on Hull via the Louisiana Long Arm Statute. As of the date of this filing, however, there is no record of service on Hull.

5.

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders issued in state court are attached *in globo* as Exhibit 1 to this Notice of Removal.

6.

In the Petition, Plaintiff alleges that, on or about June 16, 2021, he was operating a vehicle southbound in the right lane of LA Highway 415 (Lobdell Highway) in West Baton Rouge Parish.[1] Plaintiff further alleges that, when he arrived at the intersection of LA Highway 415 and the on ramp for traffic on I-10, he "enjoyed the right-of-way and lawfully proceeded into the intersection."[2]

7.

Plaintiff further alleges that, at the same time and place, Hull was driving a tractor-trailer owned by New Prime northbound on LA Highway 415 when he arrived at the intersection of LA Highway 415 and the on ramp for traffic on I-10.[3] According to Plaintiff, Hull "proceeded to attempt a left turn, unlawfully entered the intersection, and drove directly into the path of the

---

[1] *See* Ex. 1, Petition, at p. 1, ¶ 2.
[2] *Id.*
[3] *Id.* at p. 1, ¶ 3.

vehicle owned and being driven by plaintiff, thereby causing a violent collision between the tractor-trailer he was driving and plaintiff's vehicle . . . ."[4]

8.

Plaintiff allegedly sustained "personal injuries, property damage and related losses" as a result of the accident.[5] Specifically, Plaintiff asserts the following categories of special and general damages: past, present and future physical pain and suffering; past, present and future mental anguish; physical disability and/or impairment; past and future lost income; property damage; loss of use; depreciation in property value; inconvenience; and loss of enjoyment of life.[6]

9.

On July 15, 2022, Plaintiff filed a First Supplemental and Amended Petition for Damages in this matter, adding a single paragraph amending his Petition for Damages: "The principal amount of plaintiff's claim for damages, exclusive of legal interest and costs, exceeds the requisite amount for a trial by jury, and further exceeds the principal amount of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars. LSA-C.C.P. 1732."[7]

10.

On July 18, 2022, counsel for Plaintiff served counsel for Defendants with a copy of the First Supplemental and Amended Petition for Damages via email and requested that counsel for Defendants waive formal service of same. This correspondence is attached as Exhibit 3 to this Notice of Removal.

---

[4] *Id.*
[5] *Id.*
[6] *See id.* at p. 2, ¶ 7.
[7] *See* Ex. 2, First Supp. and Am. Petition for Damages, p.1, ¶ III.

11.

The First Supplemental and Amended Petition for Damages constitutes an "other paper" creating grounds for removal to this Court pursuant to 28 U.S.C. § 1446(b)(3).

12.

As set forth more fully below, this Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because it is between citizens of different states and the matter in controversy is likely to exceed $75,000, exclusive of interest and costs. The removing defendants have also satisfied the procedural requirements for removal. This action is therefore properly removable to this Court pursuant to 28 U.S.C. § 1441.

**I.    Complete diversity exists because Plaintiff is of diverse state citizenship from Defendants.**

13.

Plaintiff alleges in his Petition that he is domiciled in West Baton Rouge Parish, Louisiana.[8] Accordingly, upon information and belief, Plaintiff is a citizen of Louisiana.

14.

Defendant New Prime, Inc. is a foreign corporation incorporated in the State of Nebraska with its principal place of business in the State of Missouri. New Prime is therefore a citizen of both Nebraska and Missouri for diversity purposes.[9]

15.

Defendant Ace American Insurance Company is a foreign corporation incorporated in the State of Pennsylvania with its principal place of business in the State of Pennsylvania.  Ace is therefore a citizen of the State of Pennsylvania for diversity purposes.[10]

---

[8] *See* Ex. 1 at p. 1, Intro ¶.
[9] *See* 28 U.S.C. § 1332(c)(1).
[10] *See id.*

16.

Upon information and belief, Defendant Carter J. Hull resides and is domiciled in South Carolina.[11] Accordingly, Defendants aver that Hull is a citizen of South Carolina. As of the date of this filing, there is no record of service on Hull.

17.

Thus, Plaintiff is of diverse state citizenship from the defendants, and the complete diversity requirement is satisfied.

**II.    This action satisfies the amount in controversy requirement because Plaintiff's claims are likely to exceed the sum or value of $75,000.**

18.

Defendants aver, based on the allegations of Plaintiff's Petition, coupled with the explicit allegations set forth in Plaintiff's First Supplemental Petition for Damages, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

19.

Specifically, Plaintiff's First Supplemental and Amended Petition for Damages, dated July 15, 2022, specifically states: "The *principal amount* of plaintiff's claim for damages, *exclusive of legal interest and costs*, exceeds the requisite amount for a trial by jury, and *further exceeds the principal amount* of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars. LSA-C.C.P. 1732."[12]

20.

Defendants submit that the allegations of Plaintiff's injuries and damages in the Petition, coupled with the First Supplemental and Amended Petition's specific allegations of the amount of

---

[11] *See* Ex. 1, Pet., at p. 1, ¶1(b).
[12] *See* Ex. 2, First Supp. and Am. Petition for Damages, p. 1, ¶ III (emphasis added).

Plaintiff's claims for damages, provide sufficient information to establish that Plaintiff's claims exceed the $75,000 amount in controversy threshold. Accordingly, this case is removable to this Court pursuant to 28 U.S.C. § 1446(b)(3).

### III.    Defendants have satisfied all procedural requirements for removal.

21.

The Eighteenth Judicial District Court for the Parish of West Baton Rouge, Louisiana is located within the Middle District of Louisiana. 28 U.S.C. § 98(b). Therefore, this Court is the proper venue for this case, as the Middle District of Louisiana is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

22.

This Notice of Removal is filed within 30 days of the receipt of the First Supplemental and Amended Petition for Damages by counsel for Defendants on July 18, 2022, and thus is timely filed in accordance with the provisions of 28 U.S.C. § 1446(b)(3).

23.

All defendants, including New Prime, Ace, and Hull, consent to and join in the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A).

24.

A copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of Court for the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana in accordance with 28 U.S.C. § 1446(d). A copy of the State Court Notice of Removal is attached as Exhibit 4 to this Notice of Removal.

WHEREFORE, Defendants, New Prime, Inc., Ace American Insurance Company, and Carter J. Hull pray that the above numbered and entitled cause on the docket of the Eighteenth

Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, be removed from

that court and placed on the docket of the United States District Court for the Middle District of

Louisiana for further proceedings.

Respectfully Submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC


BY:   */s/Matthew W. Bailey*
      MATTHEW W. BAILEY (#21459)
      KATHERINE M. COOK (#37640)
      SHANNON M. KIPPERS (#37736)
      HILLARY A. BROUILLETTE (#38143)
      450 Laurel Street, Suite 1150
      Baton Rouge, Louisiana 70801
      Telephone: (225) 615-7150
      Facsimile: (225) 615-7179
      mbailey@irwinllc.com
      kcook@irwinllc.com
      skippers@irwinllc.com
      hbrouillette@irwinllc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of August, 2022, the foregoing Notice of Removal was electronically filed with the Clerk of Court using the CM/ECF system. I further certify that, on the same day, a copy of said Notice of Removal and attachments will be sent via electronic mail to the following counsel of record:

William J. Mitchell, II
GORDON MCKERNAN INJURY ATTORNEYS
5656 Hilton Avenue
Baton Rouge, LA 70808
bill@getgordon.com

*Counsel for Plaintiff, Kevin Gros*


*/s/ Matthew W. Bailey*
Matthew W. Bailey